**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GREGORI YOHAN SANGRONIS COLMENAREZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2207-R** |
| | ) | |
| **WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.**[1]**,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Gregori Yohan Sangronis Colmenarez, a noncitizen proceeding pro se,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge David L. Russell referred the matter to the

---

1 The Warden of the Diamondback Correctional Facility, Fred Figueroa, is not a federal official and the Government did not file its response on his behalf. Doc. 8, at 1 n.1.

2 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

3 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondents filed a response, Doc. 8, and Petitioner has replied. Doc. 9. So, the matter is at issue.

For the reasons below, the undersigned recommends the Court grant the habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing within ten days or otherwise release him from custody.

## I. Factual background and Petitioner's claims.

Petitioner is a native and citizen of Venezuela who entered the United States without inspection in 2023. Doc. 8, at 2. Petitioner was detained, issued a Notice to Appear, and released on his own recognizance. *Id.* Petitioner was granted Temporary Protected Status, which was terminated on November 21, 2025. *Id.* Ex. 2, at 2. Petitioner also applied for asylum, withholding of removal, and protection under the Convention Against Torture. *Id.* Ex. 4.

Petitioner was arrested in December 2025 on assault charges and transferred to Immigration and Customs Enforcement (ICE) custody on January 2, 2026. *Id.* at 2. He remains detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.* at 3.

On July 9, 2026, an immigration judge (IJ) denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture and ordered him removed to Venezuela. *Id.* Ex. 4.

Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals. *Id.* at 2. Petitioner's appeal remains pending, and thus his removal order is not administratively final. *See* 8 C.F.R. § 1241.1(a).

Petitioner raises the following grounds for relief: (1) violation of the Due Process Clause of the Fifth Amendment; (2) detention without a bond hearing; (3) failure of the government to establish that "mandatory detention is lawful"; (4) eligibility for custody review under 8 U.S.C. § 1226(a); (5) Petitioner's history of compliance with immigration hearings and obligations; (6) Petitioner's good-faith pursuit of relief; (7) detention unrelated to risk of flight; (8) Petitioner's right to seek habeas relief under 28 U.S.C. § 2241; and (9) Petitioner's lawful presence under Temporary Protected Status (TPS). Doc. 1, at 6-7, 10-11.

He seeks his immediate release, Doc. 1, at 7, or a bond hearing. Doc. 9, at 1.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are

properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## III. Discussion.

### A. Section 1226 applies to Petitioner.

Respondents acknowledge that *Santillan Quiroz v. Mullin,* 180 F.4th 1226, 1237 (10th Cir. 2026) governs and that Petitioner is entitled to relief in the form of a bond hearing. Doc. 8, at 1. Sections 1225 and 1226 authorize detention in different domains. Section 1225 applies primarily to aliens "seeking admission" to the United States, while § 1226 "generally governs the process of arresting and detaining" noncitizens "pending a decision on whether the alien is to be removed from the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018). Section 1225 generally applies at the border and § 1226 in the interior. *See, e.g.*, *Santillan Quiroz,* 180 F.4th at 1237 ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

Petitioner's current detention "is not part of the inspection process," and it did not "arise from an attempted entry at a port of entry." *Zhakhonov v. Grant*, Case No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). Rather, like the petitioner in *Zhakhonov*, Petitioner was "permitted to

reside in the interior of the country for several years, [and] pursued his asylum application … before being re-detained." *Id.* "Under those circumstances, Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Id.*

### B. Petitioner is entitled to a bond hearing under § 1226(a).

Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy. Both parties agree. Doc. 8, at 3; Doc. 9, at 1. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3. The Government has not provided Petitioner with an individualized custody determination since his detention in January 2026. Doc. 1, at 6. *See, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL

2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days; if they fail to do so, they must release Petitioner. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a)."). To the extent that Petitioner raises additional claims, the Court need not address them given the relief granted.

## IV. Recommendation and notice of right to object.

For the reasons above, the undersigned recommends the Court **grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within ten days; if they fail to do so, they must release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 15, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[4] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right

---

[4] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process.").

to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 5th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE